SCHWARTZ, Senior Judge.
Without reaching any of the other, substantial contentions advanced by the appellant-former husband, we reverse the trial court’s order sustaining exceptions to the report of the general magistrate that the instant transaction was not usurious. Such a factual determination, and particularly one involving that aspect of the law of usury which requires a “corrupt intent,” see Jersey Palm-Gross, Inc. v. Paper, 658 So.2d 531, 534 (Fla.1995), cannot be overturned in the absence of a transcript of the testimony below, which the former wife was required to provide but did not. See Fla. Fam. L.R.P. 12.490(d)(4),(f), (g);[1] see also Brill v. Brill, 905 So.2d 948, 954-55 (Fla. 4th DCA 2005), review denied, 917 So.2d 191 (Fla.2005). The order under review is therefore reversed with directions to approve the report and enter judgment accordingly.

. Florida Family Law Rule of Procedure 12.490(d)(4) provides:
The notice or order setting the cause for hearing shall be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(c) and shall contain the following language in bold type:
SHOULD YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATION MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH RULE 12.490(f), FLA. FAM. L.R.P. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.
Rule 12.490(f) states, in pertinent part: "The general magistrate shall file the report and recommendations and serve copies on all parties. The parties may serve exceptions to the report within 10 days from the time it is served on them.”
Rule 12.490(g) provides:
Record. For the purpose of the hearing on exceptions, a record, substantially in conformity with this rule, shall be provided to the court by the party seeking review if necessary for the court's review.
(1) The record shall consist of the court file, including the transcript of the relevant proceedings before the general magistrate and all depositions and evidence presented to the general magistrate.
(2) The transcript of all relevant proceedings, if any, shall be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions. If less than a full transcript of the proceedings taken before the general magistrate is ordered prepared by the excepting party, that party shall promptly file a notice setting forth the portions of the transcript that have been ordered. The responding parties shall be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the exceptions or cross-exceptions.
(3) The cost of the original and all copies of the transcript of the proceedings shall be borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result of a designation filed by the responding party, the party making the designation shall bear the initial cost of the additional transcript.